IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS STEPHAN PUSTAY                                            PETITIONER

VS.                                         CIVIL ACTION NO. 1:18-cv-177-HSO-FKB

JACQUELYN BANKS                                                  RESPONDENT

REPORT AND RECOMMENDATION

This matter is before the Court on Respondent's Motion to Dismiss [8], to which Petitioner Thomas Stephan Pustay has responded [10]. Respondent Banks argues that the petition, filed pursuant to 28 U.S.C. § 2254, should be dismissed because it is a "mixed" petition, presenting both exhausted and unexhausted claims. Alternatively, the Respondent asserts that Pustay can avoid dismissal of the petition in its entirety if this Court permits him to dismiss his unexhausted claims voluntarily and proceed only on the exhausted claims. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be denied without prejudice, and that Pustay be allowed to file an amended petition that deletes his unexhausted claims.

FACTS AND PROCEDURAL HISTORY

In this action, Pustay challenges his convictions in the Circuit Court of Harrison County, Mississippi, on two counts of Touching of a Child for Lustful Purposes and three counts of Sexual Battery. [8-1]. The Circuit Court sentenced Pustay to a total of forty (40) years in the custody of the MDOC on all convictions. [9-9] at 12-13.

With the aid of counsel, Pustay appealed his convictions and sentences to the Mississippi

Supreme Court, raising thirteen grounds for relief, as follows:

1. Was it error to allow the State to establish its case through impeachment of its own witnesses?

2. Did the trial court err by limiting the defense's cross-examination of Karen Pustay?

3. Did the trial court improperly limit defense evidence?

4. Did the trial court err in refusing to review records of relevant youth court proceedings?

5. Did vagueness render the indictment defective?

6. Whether it was error to replace jurors stricken peremptorily by the defense?

7. Was Pustay prejudiced by the use of irrelevant character evidence in violation of M.R.E. 404(B)?

8. Whether the trial court erred in excluding evidence under M.R.E. 412?

9. Whether the trial court allowed an improper prejudicial lay opinion?

10. Whether Pustay was prejudiced by constitutionally ineffective counsel?

11. Does the cumulative effect of errors require reversal?

12. Whether the evidence was sufficient on all counts or whether the verdicts are supported by the evidence?

13. Whether Counts 2 and 6 merged?

[9-12] at 12. Pustay's case was assigned to the Mississippi Court of Appeals, which affirmed his convictions and sentences on October 4, 2016. *See Pustay v. State*, 221 So. 3d 320 (Miss. Ct. App. 2016), *reh'g denied*, Feb. 21, 2017 (Case No. 2013-KA-00977-COA). The Court of

Appeals denied relief on all of his claims, but specifically denied without prejudice Pustay's claim of ineffective assistance of counsel so that he could raise the claim "through appropriate postconviction proceedings," if he so chose. *Id.* at 353.

Thereafter, Pustay timely sought discretionary review by the Mississippi Supreme Court on his issues one, two, three, four, six, eight, twelve, and thirteen, as numbered *supra*. [8-3]. The Mississippi Supreme Court denied *certiorari* review on May 22, 2017. [8-4].

As of the date the State filed its Motion to Dismiss, Pustay had not filed an application for leave to proceed in the trial court with a motion for post-conviction relief.

Pustay signed his current petition for habeas relief on May 17, 2018, and it was filed thereafter in this Court on May 24, 2018. [1]. In his petition, Pustay raises the same grounds he raised before the Mississippi Court of Appeals. *Id.* at 13. He also asserts that he has exhausted his state remedies on all of his grounds for relief. *Id.* at 14. The Court notes, however, that Pustay has never presented grounds five, seven, nine, ten, and eleven to the Mississippi Supreme Court for review, and neither has he sought post-conviction relief on these grounds.

## DISCUSSION

Applicants seeking federal habeas relief under section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *see also Edwards v. Carpenter*, 120 S.Ct. 1587 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729-55 (1991); *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Edwards*, 120 S.Ct. at 1587; *see also Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Whitehead*, 157 F.3d at 387. A habeas petitioner has failed to meet the exhaustion

˘3˘

requirement "if [she] has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Pustay has not met the exhaustion requirement for his claims five, seven, nine, ten, and eleven because he has not yet presented them to the Mississippi Supreme Court in a procedurally proper manner. Thus, in its present form, Pustay's petition is a "mixed petition," *i.e.*, containing both exhausted and unexhausted claims, and it must be dismissed. *See Rose v. Lundy*, 455 U.S. 509 (1982). He has, moreover, failed to show good cause for this Court to stay his petition and hold it in abeyance while he exhausts state remedies on his grounds five, seven, nine, ten, and eleven. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005)(explaining that "stay and abeyance should be available only in limited circumstances" because "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts."); *see also Reyer v. King*, 2008 WL 625096 (S. D. Miss. Mar. 5, 2008) (considering *Rhines* and dismissing claims for petitioner's failure to show "good cause").

Alternatively, Pustay may avoid dismissal of his present petition by amending it to omit his unexhausted claims, *i.e.*, grounds five, seven, nine, ten, and eleven. *See Rose*, 455 U.S. at 521. This is the route that Pustay has chosen. In response to the Motion to Dismiss, Pustay requests that he be permitted to withdraw, without prejudice, his claims in grounds five, seven, nine, ten, and eleven. [10]. He also requests that he be allowed to proceed on his exhausted claims in grounds one, two, three, four, six, eight, twelve, and thirteen. *Id.*

Accordingly, the undersigned recommends that Pustay be given fourteen (14) days in which to file an amended petition that includes only claims one, two, three, four, six, eight, twelve, and thirteen, as numbered in his original petition. Should he fail to amend within the

˘4˘

designated time period, the undersigned recommends that the entire petition be dismissed without prejudice for failure to exhaust his state court remedies.

## CONCLUSION

Accordingly, based on the foregoing analysis, the undersigned recommends that Respondent's Motion to Dismiss [13] be denied without prejudice. Further, if the District Judge enters an Order adopting this Report and Recommendation, the undersigned recommends that Petitioner be given fourteen (14) days from entry of said Order to file his amended petition omitting grounds five, seven, nine, ten, and eleven, and Respondent be given fourteen (14) days from the filing of Petitioner's amended petition to file an answer. Alternatively, should Pustay fail to file an amended petition omitting grounds five, seven, nine, ten, and eleven, the Motion to Dismiss should be granted, and this matter should be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 18th day of January, 2019.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE