IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS PUSTAY, #129388                                                              PETITIONER

VS.                                                        CIVIL ACTION NO.  1:18-cv-177-HSO-FKB

JACQUELYN BANKS                                                                     RESPONDENT

## REPORT AND RECOMMENDATION

Before the Court is the amended petition [15] for habeas corpus relief filed by Thomas Pustay.  *See* 28 U.S.C. § 2254.  Pustay's original petition [1] was "mixed," presenting both exhausted and unexhausted claims.  The State responded to the original petition [1] with a Motion to Dismiss [8], and Petitioner filed a Response [10].  The Court entered a Report and Recommendation [11], which recommended denial without prejudice of the Motion to Dismiss and that Pustay be allowed to file an amended petition omitting his unexhausted claims.  The district judge adopted the Report and Recommendation as the opinion of the Court.  *See* [13].  Thereafter, Pustay filed his amended petition [15] deleting unexhausted grounds five, seven, nine, ten, and eleven, as set forth in his original petition, and the State filed its Response [16].  After considering the filings, the undersigned recommends that the amended petition be dismissed with prejudice.

I.       FACTS AND PROCEDURAL HISTORY

In this action, Pustay challenges his convictions in the Circuit Court of the First Judicial District of Harrison County, Mississippi, on two counts of Touching a Child for Lustful Purposes and three counts of Sexual Battery. [8-1].  The state trial court sentenced Pustay to a total of forty (40) years in the custody of the Mississippi Department of Corrections ("MDOC") on all

convictions. [9-9] at 12-13. The victim was Pustay's biological niece, who was also his adopted daughter. *Pustay v. State*, 221 So. 3d 320, 326 (Miss. Ct. App. 2016).

The relevant procedural history was recounted in the previously-entered Report and Recommendation [11]. In sum, Pustay's original petition [1] was "mixed," containing both exhausted and unexhausted claims. *See Rose v. Lundy,* 455 U.S. 509 (1982). Pustay avoided dismissal of his petition by filing an amended petition that omits his unexhausted claims. *See* [15]. He now presents the following grounds for relief:

1. Ground One: Was it error to allow the State to establish its case through impeachment of its own witness? (original Ground One)

2. Ground Two: Did the trial court err by limiting the defense's cross-examination of Karen Pustay? (original Ground Two)

3. Ground Three: Did the trial court improperly limit defense evidence? (original Ground Three)

4. Ground Four: Did the trial court err in refusing to review records of relevant youth court proceedings? (original Ground Four)

5. Ground Five: Whether it was error to replace jurors stricken peremptorily by the defense? (original Ground Six)

6. Ground Six: Whether the trial court erred in excluding evidence under M.R.E. 412? (original Ground Eight)

7. Ground Seven: Whether the evidence was sufficient on all counts or whether the verdicts are supported by the evidence? (original Ground Twelve)

8. Ground Eight: Whether Counts 2 and 6 merged? (original Ground Thirteen).

[15-1] at 10. The Respondent filed an Answer [16], and this matter is ripe for review.

II.     DISCUSSION

At the outset, the Court notes that its review of Pustay's conviction is circumscribed. Federal courts do not sit as "super" state supreme courts in habeas corpus proceedings to review errors under state law. *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991). Instead, "[a]

2

state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Engle v. Isaac*, 456 U.S. 107, 110 (1981)(citing 28 U.S.C. § 2254(a)).

Petitions for a writ of habeas corpus are governed by 28 U.S.C. § 2254. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the relevant portions of § 2254 provide, as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant,
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall be not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(b)-(d)(1996).

Claims that are adjudicated on the merits by the state court, either in direct appeal or in a post-conviction proceeding, are subject to the highly deferential standard of review of the AEDPA. The Supreme Court has repeatedly emphasized that "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)(quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, the application must be not only incorrect, but also "objectively unreasonable." *Id.* at 409.

   A. Ground One:  Was it error to allow the state to establish its case through impeachment of its own witness?

Pustay argues that the trial court violated clearly established federal law when it allowed the state to treat its witness -- his wife, Karen Pustay -- as hostile, and it admitted a recorded statement she made to police officers as a part of the state's impeachment of her testimony. [15] at 16. Under Mississippi Rule of Evidence 613(b), the "[e]xtrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the [inconsistent] statement." *Pustay*, 221 So. 3d at 332. Before admitting the recorded statement, the trial court allowed the state to cross-examine Karen Pustay about which of her pretrial statements were true or untrue, and whether they were voluntary or motivated by fear and duress. *Id.* The trial court later instructed the jury that the taped statement "may be used for the

4

limited purpose of considering the truthfulness of Karen Pustay's in court testimony and not for the substance of her out of court statement." [9-1] at 122.

Because this point raises a question of law, this Court's review is limited to determining whether the state court's ruling involved an unreasonable application of clearly established federal law. The admissibility of evidence is a matter of state law. *Edwards v. Butler*, 882 F.2d 160, 164 (5th Cir. 1989). The Supreme Court has held that federal habeas corpus relief will not be granted for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "When a federal court reviews state court evidentiary rulings on a petition for habeas corpus, it will grant relief only if the state court error is sufficiently egregious to render the entire trial fundamentally unfair." *Edwards v. Butler*, 882 F.2d at 164. An erroneous state evidentiary ruling may be the basis for federal habeas corpus relief only if "the challenged evidence is crucial, critical, or a highly significant factor in the context of the entire trial." *Thomas v. Lynaugh*, 812 F.2d 225, 230 (5th Cir. 1987).

Mississippi Rule of Evidence 613(b) is closely modeled after Federal Rule of Evidence 613(b). While the Mississippi Court of Appeals looked primarily to state law to reach its decision on this issue, it was also guided by an analogous federal case. *See United States v. Meza*, 701 F.3d 411 (5th Cir. 2012). In *Meza*, the Fifth Circuit held that admission of a prior recorded statement to impeach a government's witness was proper under Rule 613(b) of the Federal Rules of Evidence when the witness claimed that he made the pretrial recorded statement out of fear, and the court gave a limiting instruction to the jury. *Id.* at 425-428.

In this case, the admission of the recorded statement did not render Pustay's trial fundamentally unfair. Rather, no federal constitutional error occurred, and the state court's

5

interpretation of *Meza* was objectively reasonable.  The record shows that when Petitioner's wife testified contrary to her pretrial statements to investigators, she was given an opportunity to explain the inconsistencies.  The prosecutor cross-examined her as to her assertion that her statements were involuntary and made under duress.  The recorded statement was probative as to her claim that she was motivated out of fear or duress because the jury could evaluate the tenor and manner of her voice in real time, as she gave the statement, as opposed to reading a stale, printed transcript.  The trial court also properly instructed the jury that the recorded statement could be used only for impeachment purposes.  As no constitutional error occurred, this ground does not form the basis of habeas relief.

   B. Ground Two:  Did the trial court err by limiting the defense's cross-examination of Karen Pustay?

Petitioner asserts that the state trial court erred when it did not allow defense counsel to cross-examine Karen Pustay about Petitioner's mistrust of the victim, which he asserts is the reason he often took the victim to work with him.  He argues that had he been able to pursue this line of questioning, he could have established that he took the victim to work with him because, by the victim's own admission, she was not an obedient child, and that his reasons were not motivated by "some implied prurient desire to control [the victim,] which was the state's theory." [15-1] at 31-32.  The Mississippi Court of Appeals reviewed this issue and found that the cross-examination would have questioned the character of the victim, which is not allowed under Rule 404(a) of the Mississippi Rules of Evidence.  Under Rule 404, "[e]vidence of a victim's character is ordinarily 'irrelevant' and inadmissible." *Pustay*, 221 So. 3d at 337.  In addition, the court observed that counsel failed to make a proffer of the proposed testimony, therefore it was constrained from reviewing the issue. *Id.*

6

This claim for relief challenges the admissibility of evidence, which is a matter of state law. *Edwards*, 882 F.2d at 164. As stated above, such a claim may be the basis for federal habeas corpus relief only if "the challenged evidence is a crucial, critical, or highly significant factor in the context of the entire trial." *Thomas v. Lynaugh*, 812 F.2d 225, 230 (5th Cir. 1987).

The trial judge's decision disallowing this line of questioning did not render the trial fundamentally unfair. Evidence of a victim's character is ordinarily "irrelevant" and inadmissible under both state and federal law. *See Pustay*, 221 So. 3d at 337 (citing *Barber v. State*, 143 So. 3d 586, 593 (Miss. Ct. App. 2013), and M.R.E. 404(a) & cmt.); *see also* Fed. R. Evid. 404, 412. Additionally, Petitioner failed to make a proffer of the proposed testimony, therefore, according to state case law, the appellate court would not address the issue on appeal. *See Watkins v. State*, 29 So. 3d 807, 810 (Miss. Ct. App. 2009). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 68. Because this evidentiary ruling was not "a crucial, critical, or highly significant factor in the context of the entire trial," the appellate court's conclusion that this issue was without merit was not an unreasonable application of clearly established Federal law. Accordingly, this ground does not provide the basis for habeas relief.

C. Ground Three: Did the trial court improperly limit defense evidence?

Pustay argues that the trial court erred when it did not allow him to "testify in an effort to recover his character." [15] at 19. As in his direct appeal, Petitioner argues that on cross-examination, the state was allowed to "paint [him] as a bad[,] abusive parent" when he and his wife disciplined the victim for lying and trouble at school. [15-1] at 33. He asserts that the trial court denied his right to present evidence in his own defense on redirect when it sustained the

7

state's objection to his attempts to testify about the reasons for disciplining the victim, thereby denying his right to due process of law. *Id.*

Once again, this claim for relief challenges the admissibility of evidence, which is a matter of state law. *Edwards*, 882 F.2d at 164. And an erroneous state evidentiary ruling may be the basis for federal habeas corpus relief only if "the challenged evidence is a crucial, critical, or highly significant factor in the context of the entire trial." *Thomas v. Lynaugh*, 812 F.2d 225, 230 (5th Cir. 1987).

The state court's denial of this proposed line of questioning did not violate Pustay's due process rights. Unlike the cases he cites, his proposed testimony would not have presented alternative theories of who could have committed the crimes or supported a theory of self-defense. *See Terry v. State*, 718 So. 2d 1115 (Miss. 1998); *Harley v. State*, 345 So. 2d 1048, 1050 (Miss. 1977). Moreover, the state did not raise the issue of the victim's character on cross-examination of Pustay, therefore his proposed line of questioning did not conform with proper re-direct. *See Pustay*, 221 So. 3d at 338-339. Pustay had other opportunities to challenge the victim's veracity and general reputation for truth-telling through the testimony of other witnesses and the victim herself. Because this evidentiary ruling was not "a crucial, critical, or highly significant factor in the context of the entire trial," the appellate court's conclusion that this issue was without merit was not an unreasonable application of clearly established Federal law. Accordingly, this ground does not provide the basis for habeas relief.

D. <u>Ground Four: Did the trial court err in refusing to review records of relevant youth court proceedings?</u>

Pustay argues that the trial court denied him access to youth court records that could have put the victim's credibility at issue. He also points out that the record shows that the state paid

for the youth court records.  He asserts, therefore, that it was unfair for the state to have access to these documents, while he was denied access to them in violation of his due process right to exculpatory material under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).

While the trial court denied Pustay access to the records, finding that "the Youth Court Proceeding should remain confidential given the cumulative nature of the testimony to other discovery received by Defendant," it also ruled that the state could not use the transcript at trial. *Id.* at 37-39; [9-1] at 82-83.  The Mississippi Court of Appeals reviewed this issue on appeal and determined that the trial court had reviewed the youth court records *in camera* and that the trial court's procedure and ruling were consistent with state and Federal law.  *Pustay*, 221 So. 3d at 339 (citing *In re J.E.*, 726 So. 2d 547 (Miss. 1998); *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987)).

In *Ritchie*, the defendant asserted that he was entitled to review youth court information because it might contain names of favorable witnesses, as well as exculpatory material.  *Ritchie*, 480 U.S. at 39.  Because the *Ritchie* court found that the protections of the confrontation clause are preserved by the defense's ability to cross-examine witnesses, it declined to transform the confrontation clause into a "constitutionally compelled rule of pretrial discovery."  *Id.* at 53.  The Supreme Court, furthermore, balanced the due process protections of *Brady* with the public interest in protecting sensitive information, such as that found in youth court records.  *Id.* at 57. The *Ritchie* court concluded that the trial court should review at-issue youth court records on remand to "determine whether it contains information that probably would have changed the outcome of [defendant's] trial."  *Id.* at 59.  The Supreme Court also found that "[a]n *in camera* review by the trial court will serve [defendant's] interest without destroying the [state's] need to

9

protect the confidentiality of those involved in child-abuse investigations." *Id.* at 61. In *In re J.E.,* the Mississippi Supreme Court adopted the *Ritchie* approach when faced with a similar issue, thereby establishing a procedure in Mississippi for disclosure of youth court records. *In re J.E.*, 726 So. 2d at 553.

In this case, the decision of the Mississippi Court of Appeals was not an unreasonable application of clearly established Federal law, as determined by the Supreme Court. Consistent with the reasoning advanced in *Ritchie* and followed by *In re J.E.*, the trial court reviewed the youth court records and determined that the testimony was cumulative of other evidence produced to the defense. Pustay's argument that the prosecution had access to the records,[1] furthermore, does not raise a constitutional issue. The trial court addressed this concern when it instructed the state not to employ the records as a part of its prosecution of the case. Therefore, this ground does not provide a basis for habeas relief.

E. Ground Five: Was it error for the trial court to seat jurors stricken peremptorily by the defense?

During voir dire, defense counsel used Petitioner's ninth and tenth strikes against juror Nos. 38 and 39, both females. Before exercising his ninth strike, six of his eight prior peremptory strikes had been females. [9-5] at 46-47. Pursuant to a *Batson* objection made by the state, the trial court asked defense counsel for gender-neutral reasons for striking both jurors. *Id.* at 47-51; *see Batson v. Kentucky*, 476 U.S. 70 (1986)(finding purposeful discrimination in jury selection as a violation of equal protection clause); *J.E.B. v. Alabama*, 511 U.S. 127 (1994)(extending the *Batson* rule to peremptory challenges based on gender). Defense counsel responded that No. 38, a 62 year-old female homemaker, was non-responsive to a question

---

[1] The state contended that it neither possessed the transcript nor used it at trial. *Pustay*, 221 So. 3d at 339.

during voir dire, and that he had used the strike to obtain jurors further down the jury panel. [15] at 20; [9-5] at 49-50. The trial court found that an insufficient legal reason to strike juror No. 38 and denied the strike. [9-5] at 50.

When the trial court questioned defense counsel about his reasons for striking No. 39, a 50 year-old female accountant, defense counsel explained that No. 39 had been non-responsive during voir dire and that there were "better jurors" elsewhere on the panel. *Id.* at 50-51; *see also* [15] at 20. The trial court granted the state's *Batson* challenge, denied the strike, and seated juror No. 39 on the jury. [9-5] at 51. Petitioner argues that counsel's explanations for his peremptory challenges to juror Nos. 38 and 39 were gender-neutral and related to voir dire responses, employment, and demeanor, all of which were gender-neutral, thus, the trial court's actions were in error.

Under AEDPA, the role of a federal court considering a *Batson* claim is to determine whether the state court's factual finding was unreasonable in light of the evidence. 28 U.S.C. § 2254(d)(2); *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005). In making that determination, the court is to presume the trial court's findings were correct, and that presumption can be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Miller-El*, 545 U.S. at 240, *Murphy v. Dretke*, 416 F.3d 427, 432 (5th Cir. 2005). Pustay pursued this ground for relief in his direct appeal, and the Mississippi Supreme Court ultimately denied *certiorari* review.

In *J.E.B.*, the Supreme Court set forth the standard for evaluating gender-based discrimination in jury selection, stating:

> As with race-based *Batson* claims, a party alleging gender discrimination must make a prima facie showing of intentional discrimination before the party exercising the challenge is required to explain the basis for the strike. When an explanation is required, it need not rise to the level of a "for cause" challenge;

> rather, it merely must be based on a juror characteristic other than gender, and the proffered explanation may not be pretextual.

*J.E.B.*, 511 U.S. at 144-145 (citations omitted); *see also*, *Batson*, 476 U.S. at 96. Thereafter, the trial court must determine whether the party alleging gender discrimination has shown purposeful discrimination. *See Miller-El v. Cockrell*, 537 U.S. 322, 328-329 (2003)(citing *Batson*, 476 U.S. at 98)). In deciding whether the party alleging gender discrimination has made the requisite showing, the trial court should consider all relevant circumstances, such as a "pattern" of strikes against female jurors. *Batson*, 476 U.S. at 96. In addition, counsel's "questions and statements during voir dire examination and in exercising his challenges may support or refute an inference of discriminatory purpose." *Id.* at 96-97.

As the Mississippi Court of Appeals noted, the trial court "observed a pattern of using peremptory strikes based on gender and required the defense to provide gender-neutral reasons for its strikes." *Pustay*, 221 So. 3d at 345. After reviewing the trial transcript, the Mississippi Court of Appeals found that "the trial court did not err in denying two of Pustay's peremptory strikes against females." *Id.* And the Mississippi Supreme Court denied *certiorari* review on this issue. [8-3] at 7; [8-4]. The state court reasonably applied *Batson* and *J.E.B.* to reach a reasonable determination of the facts in light of the evidence presented. Accordingly, this ground does not provide a basis for habeas relief.

F. <u>Ground Six: Did the trial court err in excluding evidence under Rule 412 of the Mississippi Rules of Evidence?</u>

Pustay argues that, under Rule 412 (b)-(c) of the Mississippi Rules of Evidence, he should have been allowed to introduce evidence that the victim was sexually active with boyfriends to establish proof that the boyfriends were possible sources of semen on a towel seized by investigators, as well as evidence of prior false reports of sexual assault by the victim.

[15-1] at 40-43.  Petitioner argued this ground in his direct appeal and on petition for writ of *certiorari* before the Mississippi Supreme Court.  Rule 412 of the Mississippi Rules of Evidence provides that evidence of a victim's past sexual behavior may be admissible if it is offered to demonstrate, *inter alia*, that the accused was not the source of semen or that the victim has previously made false allegations of sexual offenses.

"[A] petitioner's disagreement with the exclusion of evidence under state law does not raise a cognizable federal habeas claim, as 'federal habeas corpus relief does not lie for errors of state law.'"  *Burgess v. Fisher*, No. 3:16cv914-WHB-JCG, 2018 WL 6981836, at * 5 (S.D. Miss. Nov. 2, 2018)(citations omitted)(discussing Miss. R. Evid. 412).  An erroneous state evidentiary ruling may be the basis for federal habeas corpus relief only if "the challenged evidence is a crucial, critical, or highly significant factor in the context of the entire trial."  *Thomas v. Lynaugh*, 812 F.2d 225, 230 (5th Cir. 1987).

Exclusion of this testimony and evidence did not render Pustay's trial fundamentally unfair.  In this case, consistent with Rule 412(c)(2), the trial court held a pre-trial hearing on counsel's motion to present evidence of the victim's past sexual behavior.  In the hearing, counsel attempted to show that the source of the semen on the towel could have been someone other than Pustay and that the victim had made prior false allegations of sexual assault.  On appeal, the court found that the trial court properly excluded the towel evidence because it tended to reflect more on the victim's character than the source of the semen, considering that DNA testing proved inconclusive.  *Pustay*, 221 So. 3d at 347.  As to prior false reports of sexual assault, the appellate court upheld the inadmissibility of the evidence under Rule 412(c)(3) because the evidence presented at the hearing was insufficient to prove any false allegation

occurred. *Id.* at 348. The undersigned has reviewed the trial court record, as well as the decision of the appellate court, and finds the state court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law. Thus, this ground does not form the basis of habeas relief.

   G. <u>Ground Seven: Was the evidence sufficient on all counts or were the verdicts supported by the evidence?</u>

Petitioner argues that the convictions for gratification of lust (two counts) and sexual battery (three counts) rest on the victim's false testimony, as demonstrated by her unsworn, October 2006 pretrial statement recanting her allegations, *see* [15-1] at 1, and the testimony of his wife, who alleges that she was pressured by police into giving a false statement. *See supra*, at pp. 4-6; [15] at 21. He argues that the victim's trial testimony was impeached and uncorroborated by physical evidence, therefore he is entitled to reversal and acquittal. [15-1] at 44-45. Pustay presented these grounds for relief on direct appeal, and they were rejected by the state appellate courts.

This ground presents two different arguments. Pustay challenges both the sufficiency of the evidence supporting his convictions and the weight of the evidence supporting the verdicts. An argument challenging the weight of the evidence, however, does not state a cognizable claim for habeas relief. *See Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985), *cert. denied*, 476 U.S. 1123 (1986); *see also*, *Jordan v. Epps*, No. 3:09cv544-DPJ-FKB, 2012 WL 5997046 (S.D. Miss. Aug. 8, 2012). "Simply put, differences in opinion go to the weight of the evidence, not to its admissibility, and such disputes are within the province of the jury to resolve." *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). Accordingly, Pustay's challenge to the weight of the evidence is not a valid claim for habeas corpus review.

14

A federal court's standard of review "for an insufficient evidence claim in a federal habeas corpus proceeding is 'whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Hughes v. Johnson*, 191 F.3d 607, 619 (5th Cir. 1999)(quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In reviewing under this standard, a federal court may grant habeas relief only if the state court's rejection of a sufficiency of the evidence claim was "objectively unreasonable." *Williams*, 529 U.S. at 409. *Jackson* also "unambiguously instructs that a reviewing court, 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Cavazos v. Smith*, 132 S.Ct. 2, 6 (2011)(citing *Jackson*, 443 U.S. at 326).

The Mississippi Court of Appeals reviewed Pustay's sufficiency of the evidence arguments on direct appeal, and the Mississippi Supreme Court subsequently denied *certiorari* review. *Pustay*, 221 So. 3d at 355-357. Based on the same standard as set forth in *Jackson*, the Mississippi Court of Appeals found that the evidence was sufficient to support Pustay's convictions on two counts of gratification of lust and three counts of sexual battery. *Id.* at 355. The state court's application of the sufficiency of the evidence standard was neither contrary to nor an unreasonable application of the *Jackson* standard.

Reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of these charges beyond a reasonable doubt, despite conflicting inferences. The victim testified in detail to the essential elements of the charges and testified about the reasons she did not report the incidents, including her young age and lack of

15

understanding of the events.  Pustay's wife gave conflicting statements about her observation of conduct that could have supported convictions.  Other witnesses testified regarding the Pustays' home life, observations of both the victim and the defendant, and the circumstances surrounding the reporting of the crimes to police.  Finally, Pustay testified in his own defense at trial.  The jury considered the evidence and found it sufficient to convict Pustay on two counts of gratification of lust and three counts of sexual battery.  At this juncture, when presented with conflicting testimony in the record, we must presume that "the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Cavazos*, 132 S. Ct. at 6.  Given these facts and the governing law, sufficient evidence existed to support the convictions.  Accordingly, these arguments do not warrant habeas relief.

H.  <u>Ground Eight:  Whether Counts 2 and 6 merged.</u>

Petitioner argues that Count 2 of the indictment, gratification of lust, merged with Count 6, sexual battery, because the state presented insufficient evidence to show that gratification of lust occurred during the same time period as the charge of sexual battery.  [15-1] at 49.  He argues that as a result, he sustained two convictions for the same crime in violation of his constitutional right against double jeopardy.  *Id.* at 49-50.

The Mississippi Court of Appeals found that Pustay failed to make a contemporaneous objection on this basis at the trial court level, therefore this argument was waived.  *Pustay*, 221 So.3d at 353-354.  Even though the court found review to be procedurally barred, the court concluded that the issue was without merit.  *Id.* at 354-355.

Where a state prisoner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the

16

alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural rule is "adequate" if it is regularly and consistently applied. *Johnson v. Mississippi*, 486 U.S. 578, 187 (1988); *see also Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995)("An 'adequate' rule is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims."). The Fifth Circuit has specifically held that Mississippi state courts consistently and regularly apply the bar imposed for failure to raise issues at trial, *i.e.*, the contemporaneous objection rule. *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992); *see also Day v. King*, No. 1:03-cv-624-DMR-JMR, 2006 WL 2541600, at *4 (S.D. Miss. Aug. 31, 2006).

Pustay has made no allegation or argument in his habeas petition that the procedural bar relied upon by the state court was inadequate to support the rejection of this claim; neither has he made any showing as to the cause of his default, actual prejudice as a result of the alleged constitutional violation, or that failure to address the merits of this claim will result in a miscarriage of justice. Accordingly, the undersigned concludes that the state court's holding that this claim was procedurally barred precludes consideration of it by this Court.

III.   CONCLUSION

Pustay has failed to establish that the state court's adjudication of his claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court law or was based on an unreasonable determination of the facts. Accordingly, the undersigned recommends that habeas relief be denied and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation

17

within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 7th day of July, 2021.

    /s/ F. Keith Ball                         .
    UNITED STATES MAGISTRATE JUDGE