IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| THOMAS PUSTAY | § | PETITIONER |
| | § | |
| v. | § | Civil No. 1:18-cv-177-HSO-FKB |
| | § | |
| JACQUELYN BANKS | § | RESPONDENT |

### ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [20] AND DENYING PETITIONER'S AMENDED PETITION [15] FOR HABEAS CORPUS RELIEF

BEFORE THE COURT is the Report and Recommendation [20] of United States Magistrate Judge F. Keith Ball, which recommends denying Petitioner Thomas Pustay's Amended Petition [15] under 28 U.S.C. § 2254 for Writ of Habeas Corpus with prejudice. Petitioner has not objected to the Report and Recommendation [20], and the time for doing so has passed.

Having considered the Report and Recommendation [20], the record as a whole, and relevant legal authority, the Court finds that the Report and Recommendation [20] should be adopted as the finding of the Court, and Petitioner Thomas Pustay's Amended Petition [15] under 28 U.S.C. § 2254 for Writ of Habeas Corpus should be denied.

I. BACKGROUND

A. Procedural history

On May 24, 2018, Petitioner Thomas Pustay ("Petitioner" or "Pustay"), acting pro se, filed a Petition pursuant to 28 U.S.C. § 2254, challenging his convictions of

two counts of touching of a child for lustful purposes and three counts of sexual battery in the Circuit Court of Harrison County, Mississippi.   Ex. [8-1]; *see Pustay v. State*, 221 So. 3d 320, 327 (Miss. Ct. App. 2016).   The Circuit Court sentenced Petitioner to forty years imprisonment in the custody of the Mississippi Department of Corrections ("MDOC").   Ex. [9-9] at 12-13.

Petitioner appealed his convictions and sentences to the Mississippi Supreme Court, raising thirteen grounds for relief.   Ex. [9-12] at 12.   Petitioner's case was assigned to the Mississippi Court of Appeals, which affirmed his convictions and sentences on October 4, 2016.   *Pustay*, 221 So. 3d at 327.   The Court of Appeals denied relief on all of Petitioner's claims, but specifically denied without prejudice Petitioner's claims for ineffective assistance of counsel.   *Id.* at 353.   Petitioner then sought a writ of certiorari from the Mississippi Supreme Court, which it denied on May 22, 2017.   Order Denying Writ [8-4].

Petitioner filed his initial Petition [1] in this Court on May 24, 2018, asserting the same thirteen grounds for relief he had originally raised before the Mississippi Court of Appeals.   Pet. [1].   Respondent Jacquelyn Banks ("Banks" or "Respondent") filed a Motion [8] to Dismiss the Petition [1], arguing that the Petition [1] constituted a "mixed" petition, stating both exhausted and unexhausted claims.   Mot. [8] at 6-8.   On July 7, 2021, the Magistrate Judge entered a Report and Recommendation [11] and recommended that Respondent's Motion [8] to Dismiss for Failure to Exhaust be denied without prejudice and that Petitioner be

permitted to amend his pleadings to remove unexhausted claims five, seven, nine, ten, and eleven.  R. & R. [11] at 4-5.  On February 12, 2019, the Court entered an Order [13] adopting Magistrate Judge's Report and Recommendation [11], denying without prejudice Respondent's Motion [8] to Dismiss, and providing Petitioner with fourteen days to amend his pleadings to remove the unexhausted claims five, seven, nine, ten, and eleven.[1]  Order [13] at 1-2.

Thereafter, Petitioner filed an Amended Petition [15] deleting unexhausted grounds five, seven, nine, ten, and eleven, and raising as grounds for relief: (1) whether it was an error to allow the State to establish its case through impeachment of its own witness; (2) whether the trial court erred by limiting the defense's cross-examination of Karen Pustay; (3) whether the trial court improperly limited defense evidence; (4) whether the trial court erred in refusing to review records of relevant youth court proceedings; (5) whether it was an error to replace jurors stricken peremptorily by the defense; (6) whether the trial court erred in excluding evidence under Mississippi Rule of Evidence 412; (7) whether the evidence was sufficient on all counts or whether the verdicts were supported by the evidence; and (8) whether Counts 2 and 6 merged.  Am. Pet. [15-1] at 10.

Ultimately, on July 7, 2021, the Magistrate Judge entered a Report and Recommendation [20] recommending that the Amended Petition [15] for Writ of

---

[1] The Court adopts the relevant procedural history that was recounted in its previous Order [13] adopting the Report and Recommendation [11].  *See* Order [13] at 1-2.

Habeas Corpus be denied.   R. & R. [20] at 17.   Petitioner has not filed any objections to the Report and Recommendation [20], and the time for doing so has passed.   *See* L.U. Civ. R. 72(a)(3).

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").   In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review.   *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review of the record, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law.   *See id.*   The Court will adopt the Magistrate Judge's Report and Recommendation [20] as the opinion of this Court and the Amended Petition [15] will be denied.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [20] of United States Magistrate Judge F. Keith Ball entered in this case on July 7, 2021, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Thomas Pustay's Amended Petition [15] under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**, and this civil action is **DISMISSED WITH PREJUDICE**.

A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 2nd day of August, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE